UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD FOLDVIK, ) | |
| ) | |
| Plaintiff, ) | CASE NO. C03-573-RSL |
| ) | |
| v. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | REPORT AND |
| Commissioner of Social Security, ) | RECOMMENDATION |
| ) | |
| Defendant. ) | |
| ) | |

## I. BACKGROUND

On March 3, 2003, Plaintiff filed his claim in this Court for judicial review of a decision by the Commissioner of Social Security denying his application for disability insurance benefits under Title II of the Social Security Act. (Dkt. #1). On January 14, 2004, the undersigned issued a Report and Recommendation, which recommended that the Commissioner's decision be reversed and remanded for further proceedings. (Dkt. #20). On February 20, 2004, District Judge Robert S. Lasnik adopted the Report and Recommendation. (Dkt. #23).

On May 11, 2004, Plaintiff's counsel filed a motion for attorney's fees in the amount of $7,351.80, expenses in the amount of $46.13, and costs in the amount of $312.00 pursuant to the Equal Access to Justice Ace ("EAJA"), 28 U.S.C. § 2412. After the Commissioner filed a response indicating no objection to this request (Dkt. #29), and upon finding that Plaintiff's EAJA fees request was reasonable in light of the work performed and the results achieved, this

REPORT AND RECOMMENDATION
Page - 1

Court granted Plaintiff's motion and awarded the requested attorney's fees, expenses, and costs. (Dkt. #30).

On November 20, 2007, Plaintiff filed the current motion for attorney's fees pursuant to 42 U.S.C. § 406(b), wherein he requests a gross attorney's fee of $20,678.25, reduced by the $7,351.80 attorney's fee previously awarded under EAJA, leaving a net § 406(b) award of $12,682.34. (Dkt. #35). The Commissioner filed a response to Plaintiff's § 406(b) fee request (Dkt. #37), and Plaintiff has filed a reply (Dkt. #39).

## II. DISCUSSION

Section 406(b) provides in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A). In the present case, it is undisputed that Plaintiff received a favorable judgment and the parties agree that $20,678.25 represents 25% of Plaintiff's past due benefits. However, the Commissioner argues that Plaintiff's § 406(b) fee request should be found both time-barred and excessive. (Dkt. # 37 at 6).

1. <u>Timeliness of § 406(b) Fee Request</u>

Here, the Commissioner concedes that § 406(b) does not contain a specific time limit for filing a petition for attorneys's fees, and he also acknowledges that the timeliness of a § 406(b) fee petition is an issue of first impression in the Ninth Circuit. (Dkt. #37 at 3, 4). However, the Commissioner contends that Plaintiff's § 406(b) fee petition may be untimely because it was filed more than 18 months after the Social Security Administration ("SSA") sent a Notice of Award, dated to May 8, 2006, to Plaintiff and his counsel. *Id.* at 3.

As support for this contention, the Commissioner notes that the several circuits courts

REPORT AND RECOMMENDATION
Page - 2

that have addressed this issue have held Federal Rule of Civil Procedure 54(d)[1] applies to any request for attorney's fees "unless otherwise provided by statute or order of the court." *Id.* at 3-4, citing *Pierce v. Barnhart*, 440 F.3d 657, 663-64 (5th Cir. 2006); *Smith v. Bowen*, 815 F.2d 1152, 1156 (7th Cir. 1987); *Bergen v. Commissioner*, 454 F.3d 1273, 1277-78 (11th Cir. 2006); *cf. McGraw v. Barnhart*, 450 F.3d 493, 504-05 (10th Cir. 2006) (a motion for an award of fees under §406(b)(1) should be filed within a reasonable time of the Commissioner's decision awarding benefits, but under the authority of Fed. R. Civ. P. 60(b)(6)). The Commissioner also asserts that these circuits have found that substantial delay is unreasonable unless justified by compelling reasons. *Id.* at 4 (citations omitted).

Having carefully reviewed the pertinent case law, this Court agrees with the Fifth, Seventh, and Eleventh Circuits that Fed. R. Civ. P. 54(d)(2)(B) should govern a § 406(b) fee petition. However, as some courts have noted, there is difficulty in strict application of Rule 54(d) in the context of a judgment of remand for further administrative proceedings, as it would mean requiring the § 406(b) fee application to be filed within 14 days of entry of the district court judgment, when at the time of such judgment, counsel has no way of knowing whether his or her client will ultimately obtain past-due benefits from which attorneys' fees may be derived. *See e.g.*, *McGraw*, 450 F.3d at 504; *Johnson v. Comm'r of Social Security*, 2007 WL 4614884, *2 (M.D. Fla. 2007); *Bentley v. Comm'r of Social Security*, 524 F.Supp.2d 921, 922-23 (W.D. Mich. 2007); *Garland v. Astrue*, 492 F.Supp.2d 216, 219-20 (E.D.N.Y. 2007). Thus, to determine whether Plaintiff's petition was timely filed requires deciding when the 14 day period for filing the § 406(b) fee petition began to run. *See Bergen*, 454 F.3d at 1278 (Eleventh Circuit

---

[1] Rule 54(d) states that "[u]nless otherwise provided by statute or order of the court the motion [for attorney's fees] must be filed no later than 14 days after entry of judgment . . . ." Fed. R. Civ. P. 54(d)(2)(B).

REPORT AND RECOMMENDATION
Page - 3

leave this issue open because the Commissioner had not objected to the timeliness of the attorney's fee petitions).

Noting the unresolved status of these issues and highlighting the differing approaches suggested by other circuits, the court in *Garland* made the following determination:

> Under either approach, the most logical event for calculating the moment from which the court should begin calculating the time for submitting a 406(b) application after an administrative award of benefits is the issuance of the Notice of Award ("NOA"). In the NOA, the Commissioner calculates the past-due benefits to which the claimant is entitled and the corresponding 25 percent of past due benefits to be withheld pending the approval of any attorneys' fees sought. Under the Rule 54(d) approach, the 14-day clock would be tolled until the Commissioner issues the NOA. Under the Rule 60(b)(6) method, an attorney would be required to file the 406(b) application within a reasonable time after the issuance of the NOA.

*Garland*, 492 F.Supp.2d at 220. Accordingly, the *Garland* court found that the delay was unreasonable and counsel's application was untimely where the § 406(b) attorney's fee application was filed nine months after the notification of award, and the claimant's counsel failed to provide any explanation for the delay and the court found none. *Id.* at 221-22.

In the present case, applying the approach of taking by the *Garland* court produces a different outcome. Here, in a declaration filed with the motion for §406(b) attorney fees, Plaintiff's counsel indicated that in July 2006, he filed an appeal of the award notice because " I believe that Mr. Foldvik should have also been awarded benefits for the time period of January 1993 through September 1995." (Dkt. #35, Attachment 1 at 2:9-12). Additionally, in Plaintiff's reply brief, counsel indicates that his work on this case is still not complete as the Social Security Administration has yet to rule on his appeal of the Notice of Award. (Dkt. #39 at 2). Therefore, he argues that the court should not find that there has been any fee petition filing deadline in this matter because a correct Notice of Award has not been issued. *Id.* Under these circumstances, this Court concludes that the present § 406(b) attorney's fee petition is not time-

REPORT AND RECOMMENDATION
Page - 4

barred because Plaintiff's counsel has provided a reasonable explanation justifying his delay in filing the fee petition.

2. <u>Proper Amount of § 406(b) Fee Award</u>

The Commissioner argues that the amount Plaintiff's § 406(b) fee request should be found excessive because Plaintiff's attorney appears to have reduce his proposed attorney fees by the amount of EAJA attorney's fees received, but he has not subtracted $5,300.00 in attorney fees previously awarded to him pursuant to 42 U.S.C.§ 406(a)[2], and he has not presented evidence that the Halpern firm has waived its possible right to attorney fees in this matter. (Dkt. #37 at 2, 6). In his reply brief, Plaintiff's counsel concedes to reduction of the requested § 406(b) fee amount of $12,682.34 by $5,300.00 based on his review of the terms of the federal court retainer agreement in this matter, which states that "the combined total fee for administrative and court work will be limited to 25% of the past due benefits." (Dkt. #39 at 1-2, Ex. B at 1). Thus, Plaintiff now asks the court to award a net § 406(b) attorney's fees of $7,382. 34. Because Plaintiff proposes an identical reduction in the § 406(b) fee award as the amount argued by the Commissioner, this Court need not address the issue of whether the combination of § 406(a) and § 406(b) fees cannot exceed 25% of the past due benefits.

### III. CONCLUSION

For the reasons set forth above, and based on the record evidence, the undersigned recommends that Plaintiff's motion for attorney's fees pursuant to 42 U.S.C. § 406(b) be

// //

// //

---

[2]Section 406(a) governs fees for representation in administrative proceedings.

REPORT AND RECOMMENDATION
Page - 5

GRANTED, and that Plaintiff's attorney Eitan Kassel Yanich be awarded a net § 406(b) attorney's fee of $7,382.34.  The pending stipulated motion to re-note the motion for attorney's fees shall be STRICKEN as moot.  A proposed order accompanies this Report and Recommendation.

DATED this 11th day of February, 2008.

_____
MONICA J. BENTON
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 6